IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) AVIS HUNT, as Special Administrator for the ESTATE OF DAMON LAMONT FALLS, deceased, <br><br> vs. <br><br> (1) DANIEL HERRING, Individually, while acting under color of law, as an Oklahoma City Police Officer, and <br> (2) JACOB COLE, Individually, while acting under color of law, as an Oklahoma City Police Officer, and <br> (3) ZACHARY MILLER, Individually, while acting under color of law, as an Oklahoma City Police Officer, and <br> (4) RAMON CASTRO, Individually, while acting under color of law, as an Oklahoma City Police Officer, and <br> (5) AARON WAKE, Individually, while acting acting under color of law, as an Oklahoma City Police Officer, and <br> (6) TYLER DUNCAN, Individually, while acting under color of law, as an Oklahoma City Police Officer, and <br> (7) THE CITY OF OKLAHOMA CITY, a municipal Corporation. | Case No. CIV-12-755-L <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW the Plaintiff, Avis Hunt, as Special Administrator for the Estate of Damon Lamont Falls, deceased, by and through her attorneys of record,

1

DEVINNEY & TURNER LAW FIRM PC, and for her causes of action against the Defendants, states and alleges as follows:

1. This action is filed for money damages against the above Defendants, Daniel Herring, Jacob Cole, Zachary Miller, Ramon Castro, Aaron Wake, Tyler Duncan, in their individual capacities, and while acting under the color of law as officers and employees of the City of Oklahoma City. This action is brought for violation of Plaintiff's Constitutional rights, Oklahoma State law, and common law. Plaintiff alleges that Defendants physically beat and tasered decedent multiple times thereby causing decedent's subsequent death and in the process violated his constitutional rights. Defendant City of Oklahoma City created or caused to be made, policy, both actual and de facto, which caused decedent's death without justification. The above Defendants are being sued in their individual capacities. The Plaintiff has filed a claim pursuant to the Government Tort Claims Act ("GTCA") and she reserves the right to amend this claim. *See* Okla. Stat. tit. 51 §§ 151-170.

2. This action is brought for the benefit of the Plaintiff to redress both decedent's physical damages and the deprivation of decedent's civil rights privileges or immunities secured to decedent by the 4th, 8th and 14th Amendments to the Constitution of the United States, and also arising out

of the law, statute, and Constitution of the State of Oklahoma and more particularly set out hereinafter.

## PARTIES

3. Plaintiff, Avis Hunt, is a citizen of both the United States, the State of Oklahoma, and is a resident of Kay County, which is located in the Western District of Oklahoma.

4. Prior to decedent's death, he was a citizen of both the United States, the State of Oklahoma, and a resident of Oklahoma County, which is located in the Western District of Oklahoma.

5. Defendant Herring was employed by the City of Oklahoma City as a police officer at the time of the acts complained of herein and, upon information and belief, is a resident of Oklahoma County.

6. Defendant Cole was employed by the City of Oklahoma City as a police officer at the time of the acts complained of herein and, upon information and belief, is a resident of Oklahoma County.

7. Defendant Miller was employed by the City of Oklahoma City as a police officer at the time of the acts complained of herein and, upon information and belief, is a resident of Oklahoma County.

8. Defendant Castro was employed by the City of Oklahoma City as a police officer at the time of the acts complained of herein and, upon information and belief, is a resident of Oklahoma County.

9. Defendant Wake was employed by the City of Oklahoma City as a police officer at the time of the acts complained of herein and, upon information and belief, is a resident of Oklahoma County.

10. Defendant Duncan was employed by the City of Oklahoma City as a police officer at the time of the acts complained of herein and, upon information and belief, is a resident of Oklahoma County.

11. Defendant City of Oklahoma City is a municipal corporation located in Oklahoma County, Oklahoma.

## JURISDICTION

12. This action is brought pursuant to Title 42 of the United States Code, Section 1983 and 1988, as well as the 4th, 8th and 14th Amendments of the United States Constitution to redress the Plaintiff's deprivation under color of State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States, or

by act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

13. Additionally, the Court has jurisdiction pursuant to Title 28 of the United States Code, Section 1331, 1343(a)(3), and 1391(b) and the above-mentioned statutory and constitutional provisions.

14. Plaintiff further invokes pendent or supplemental jurisdiction for this Court to consider the claims arising under Oklahoma State law, this being an action wherein the State and Federal claims derive from a common nucleus of operational fact, and are such that the plaintiff would normally be expected to try them all in a single judicial proceeding.

15. Plaintiff has presented a timely claim to the City of Oklahoma City as provided in 51 O.S. §156, but said claim was denied as of September 29, 2011 by operation of law.

16. Plaintiff's action for damages is authorized by:

   a. The 4th, 8th and 14th Amendments to the Constitution of the United States;

   b. There may be other causes of action, either under federal or state law, which are unknown to the Plaintiff at this time but may be ascertained by discovery and later asserted; and

    c. Plaintiff's application for attorney fees herein is authorized by 42 U.S.C. §1988, which provides that a Court may award a reasonable attorney fee as part of costs in any action or proceeding to enforce a provision of 42 U.S.C. §1983.

17. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

## FACTUAL ALLEGATIONS

18. On or about July 5, 2010, decedent was arrested and placed on the ground by Defendants.

19. The decedent's right hand and right ankle were restrained in handcuffs by Defendants.

20. During the time decedent was restrained, decedent was beaten and tasered approximately 8 times in an 11x13 inch area of decedent's back.

21. As a result of the beating and tasering, Plaintiff suffered multiple injuries including death.

22. The beating of decedent, including the amount of tasering, constituted greater excessive force than what was reasonably necessary under the existing circumstances and/or what an ordinary, prudent police officer

would have used under the circumstances. The officers failed to intervene to prevent the other officers' use of excessive force.

23. The City of Oklahoma City does not provide adequate training to train its officers on the proper use of force and proper procedure and situation that warrant tasering a suspect. In addition, the City of Oklahoma City does not counsel and motivate police officers to report the wrongdoings of their fellow officers. Further, the incident with the decedent reflects a pattern and practice of the Oklahoma City police force using excessive force, unlawful tasering of suspects, and the City's failure to properly discipline and supervise its officers.

24. The City of Oklahoma City does not provide adequate supervision and discipline to its officers and therefore condones their lawlessness. The City of Oklahoma City has had knowledge of a pattern of tortious conduct by its officers, including many, if not all, of the Individual Defendants, and their improper and excessive force in the past, including other acts of excessive tasering of suspects, but has acted with deliberate indifference toward the conduct and the protection of its citizens. This deliberate indifference has led to excessive force used against the decedent including the unlawful tasering.

25. The City of Oklahoma City does not provide adequate training to its officers to provide medical attention to those persons injured by its officers.

26. The excessive force used against decedent and subsequent death as described in this Complaint was committed against him under color of law and violated his constitution rights inasmuch as it deprived him of due process under the law and other constitutional rights.

## CLAIMS FOR RELIEF

### *Civil Rights Violation; 42 U.S.C. §1983*

27. Defendants as individuals and while acting under color of law as police officers for the City of Oklahoma City, subjected decedent to a physical beating and multiple taserings.

28. The physical beating and multiple taserings were delivered by Defendants while decedent was in custody, handcuffed right wrist to right ankle and face down on the ground.

29. Defendants actions caused decedent's death as well as deprivation of his fundamental rights of life, liberty or property, including but not limited to, equal protection, due process as guaranteed by the 14th Amendment to the

U.S. Constitution, free from cruel and unusual punishment as guaranteed by the 8th Amendment to the U.S. Constitution.

30. Defendants' actions were intentional and were the direct cause of decedent's death as well as the deprivation of decedent's legal and constitutional rights, thereby causing his death.

31. As a result of decedent's death, Plaintiff incurred substantial funeral and burial expenses.

## SECOND CAUSE OF ACTION

### *Civil Rights Violation by Defendant, City of Oklahoma City, 42 USC §1983*

32. Defendant, City of Oklahoma City, acting under the color of law and as employer of Defendants Herring, Cole, Miller, Castro, Wake and Duncan. As such, Defendant, City of Oklahoma City, failed to adequately hire, train and supervise Defendants Herring, Cole, Miller, Castro, Wake and Duncan. Numerous incidents of the Oklahoma City Police Department's use of excessive force created a de facto policy or an acceptance of conduct and thereby has caused additional instances of physical abuse and excessive force which directly led to the attack on decedent.

33. The physical attack on decedent cause physical damage and death, as well as deprivation of decedent's rights to equal protection, due process as guaranteed by the 14th Amendment to the U.S. Constitution, his right to be free from cruel and unusual punishment as guaranteed by the 8th Amendment to the U.S. Constitution, and his right to be free from unreasonable searches and seizures as guaranteed by the 4th Amendment to the U.S. Constitution.

34. The Plaintiff seeks to remedy the deprivation of decedent's constitutional rights under 42 USCA §1983.

## THIRD CAUSE OF ACTION

*Civil Rights Violation; by Defendants Herring, Cole, Miller, Castro, Wake and Duncan, 42 U.S.C. §1983*

35. Defendants Herring, Cole, Miller, Castro, Wake and Duncan, acting as individuals and under the color of law as employees of the City of Oklahoma City as police officers failed to follow taser procedures and instead used excessive force while decedent was already in custody and handcuffed right wrist to right ankle and down on the ground.

36. The physical attack on decedent caused his death as well as deprivation of decedent's rights to equal protection, due process as guaranteed by the 14th Amendment to the U.S. Constitution, his right to be free from cruel and unusual punishment as guaranteed by the 8th Amendment to the U.S. Constitution, and his right to be free from unreasonable searches and seizures as guaranteed by the 4th Amendment to the U.S. Constitution.

37. Plaintiff seeks to remedy the deprivation of decedent's constitutional rights under 42 USCA §1983.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00).

b. Award punitive damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00).

c. Award costs of this action including attorney fees to Plaintiff and,

d. Award such other relief as this Court may deem just and appropriate.

**ATTORNEYS' LIEN CLAIMED and JURY TRIAL DEMANDED**

        Respectfully submitted,

        /s/   Christopher W. Landes
        James E. Devinney, OBA # 12967
        Christopher W. Landes, OBA # 19857
        Devinney Law Firm, PC
        115 East Grand
        Ponca City, OK 74601
        Telephone (580) 765-9660
        Facsimile (580) 765-3019
        clandes@devinneylawfirm.com

        ATTORNEYS FOR PLAINTIFF