# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

AVIS HUNT, as Special Administrator )
for the ESTATE OF DAMON LAMONT )
FALLS, deceased, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-12-755-L
 )
DANIEL HERRING, Individually, while ) Jury Trial Demanded
acting under color of law, as an Oklahoma )
City Police Officer, and )
JACOB COLE, Individually, while )
acting under color of law, as an Oklahoma )
City Police Officer, and )
ZACHARY MILLER, Individually, while )
acting under color of law, as an Oklahoma )
City Police Officer, and )
RAMON CASTRO, Individually, while )
acting under color of law, as an Oklahoma )
City Police Officer, and )
AARON WAKE, Individually, while )
acting under color of law, as an Oklahoma )
City Police Officer, and )
TYLER DUNCAN, Individually, while )
acting under color of law, as an Oklahoma )
City Police Officer, and )
THE CITY OF OKLAHOMA CITY, a )
municipal corporation. )
 )
    Defendants. )

# ANSWER OF DEFENDANT THE CITY OF OKLAHOMA CITY

COMES NOW a Defendant, the City of Oklahoma City, and for Its Answer to Plaintiff's Complaint filed herein, alleges and states the following:

1. In response to ¶ 1 of the Complaint, Defendant City states:

    A. Defendant admits that Plaintiff has filed this action for money damages but denies that Plaintiff is entitled to any relief as Plaintiff's decedent's injuries and subsequent death was caused by his own actions, including attempting to commit a felony; use of illegal drugs; putting citizens in fear of their safety and well being; and resistance to a lawful arrest.

    B. Defendant City admits that the individuals named as Defendants were its employees on July 5, 2010, and were assigned to the Oklahoma City Police Department as police officers.

    C. Defendant City admits that Plaintiff has attempted to plead an action for the violation of Plaintiff's decedent's constitutional rights, but denies that she has pled any claim under Oklahoma State law or common law.

    D. Defendant City denies that its employees physically beat or tasered Plaintiff's decedent "multiple times". Further, Defendant City denies that Plaintiff's decedent's constitutional rights were violated during this incident. Additionally, Defendant City denies that any use of force by its officers caused Plaintiff's decedent's injuries and subsequent death. Instead, Plaintiff's decedent's death was caused by cardiac arrhythmia.

E. Defendant City denies it has any unconstitutional policy or a constitutional policy which caused a series of unconstitutional events.

F. Whether Plaintiff has sued the individual Defendants in their individual capacities is not relevant to this Defendant, and no answer is required.

G. Defendant City admits that Plaintiff filed a claim against Defendant City under the Governmental Tort Claims Act, 51 O.S. §§ 151, *et seq.*, but denies that this allegation is relevant in that the Governmental Tort Claims Act does not apply to actions brought under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983. Defendant City further denies that the Plaintiff can amend her claim as her claim was filed on July 5, 2011 and deemed denied on October 3, 2011. On October 31, 2011, Plaintiff instituted an action against these same Defendants in Oklahoma County District Court under its case No. CJ-2011-8826 and dismissed that action on December 19, 2011, instead of responding to the individual Defendants' Motion to Dismiss and Defendant City's Motion to Dismiss Plaintiff's Punitive Damage Request.

2. In response to paragraph 2 of the Complaint, Defendant City states as follows:

A. Plaintiff has no separate claim for the "deprivation of decedent's civil rights";

B. Plaintiff's decedent's physical "damages", *i.e.* his injuries and

subsequent death, were caused by Plaintiff's decedent's own illegal actions as described herein at ¶ 1(A).

C. That the Eighth and Fourteenth Amendments, except as it makes the Fourth Amendment applicable to the States under the privilege and immunities clause, are not applicable to this incident.

D. That there is no cause of action pled in the Complaint, regarding any claim under "the law, statute, or constitution of the State of Oklahoma."

3. In response to ¶ 3 of the Complaint, Defendant City states that it is without sufficient knowledge to admit or deny Plaintiff's place of residence or citizenship and those allegations are therefore denied.

4. In response to ¶¶ 4-10 of the Complaint, Defendant City again admits that the individual Defendants were employed by Defendant City as police officers. Further, Defendant City states these Defendants' places of residence are not relevant to this action and, in any event, does not pertain to this Defendant and no answer is required.

5. Defendant City admits ¶ 11 of the Complaint with the addition that parts of the City is actually in 4 counties – Oklahoma, Canadian, Cleveland and Pottawattamie Counties.

6. In response to ¶ 12 of the Complaint, Defendant City realleges and restates ¶ 2(C) herein.

7. In response to ¶ 13 of the Complaint, Defendant City admits that this Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1343;

however, 28 U.S.C. § 1391 concerns the proper venue of an action, not this Court's jurisdiction. (Defendant City admits that the venue of this action is with this Court.)

8. In response to ¶ 14 of the Complaint, Defendant City admits that this Court would have supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims that might arise out of the same common nucleus of operational fact. However, since Plaintiff did not plead any such claims, this allegation is also irrelevant to this case.

9. In response to ¶ 15 of Plaintiff's Complaint, Defendant realleges and restates ¶¶ 1(G)(1) and (2) herein.

10. In response to ¶ 16 of Plaintiff's Complaint, Defendant City realleges and restates ¶ 2(C) herein and would further state that Plaintiff has no Fourth Amendment claim as her decedent's injuries and death were caused by his own illegal actions as is stated in ¶ 1 (A) herein. Further, Defendant City denies ¶ 16(b). Lastly, in response to sub-paragraph (c), Defendant City states that 42 U.S.C. § 1988 authorizes an award of attorney fees only to the prevailing party, not to any person who files such an action.

11. In response to ¶ 17 of the Complaint, Defendant City states that said allegation is not relevant as this case involves claims under this Court's federal question jurisdiction, not under its diversity of citizenship jurisdiction.

12. In response to ¶ 18 of the Complaint, Defendant City denies that the Plaintiff was "arrested and placed on the ground." Instead, the Plaintiff ran from the officers who responded to a 911 call, dropped a firearm, refused to give the officers his

hands despite repeated commands to do so, was tased, handcuffed, and then he spit on an officer.

13.     Defendant City denies ¶¶ 19-21 of the Complaint.

14.     Defendant City denies ¶ 22 of the Complaint and would further state that there is no such thing as "greater excessive force than what was reasonably necessary…"

15.     Defendant City denies ¶¶ 23-26 of the Complaint.  Further, Plaintiff's allegations contained in ¶ 25 are incorrect, but more importantly, irrelevant as Plaintiff fails to allege that the individual Defendant officers (or any OCPD officer) failed to contact EMSA and/or the Oklahoma City Fire Department once they were aware that the Plaintiff's decedent might need medical treatment for injuries he received while resisting arrest.  Further, the United States Supreme Court has specifically rejected the Fourteenth Amendment's due process of law clause as governing an officer's use of force in attempting to effectuate an arrest.

16.     With the exception that the individual Defendants are police officers employed by the City, Defendant City denies ¶ 27 of the Complaint.

17.     Defendant City denies ¶ 28 of the Complaint.

18.     Defendant City denies ¶ 29 of the Complaint and would further restate ¶ 15 herein in response to said paragraph.

19.     Defendant City denies ¶ 30 of the Complaint.

20. In response to ¶ 31 of the Complaint, Defendant City states it is without sufficient knowledge to admit or deny the truthfulness of those allegations, and they are, therefore, denied.

21. Defendant City denies ¶¶ 32-33 of the Complaint.

22. In response to ¶ 34 of the Complaint, Defendant City states it has no knowledge of the truthfulness of the allegations regarding Plaintiff's intentions in filing this action and this paragraph is, therefore, denied.

23. Paragraphs 35-37 of the Complaint contain no allegations as to this Defendant, and no answer is required.

24. Defendant City denies that Plaintiff is entitled to any relief as prayed for in the Prayer for Relief, and would further state that the United States Supreme Court has held that a plaintiff is not entitled to an award of punitive damages against a municipality in an action under 42 U.S.C. § 1983.

## AFFIRMATIVE DEFENSES

COMES NOW a Defendant, the City of Oklahoma City, and for its affirmative defenses, states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The policies, customs or training alleged to exist by Plaintiff in the Complaint are not the policies, customs, or training of the OCPD or the City of Oklahoma City.

3. Defendant City's policies, customs, or training of its officers is constitutional and have not caused a series of unconstitutional events.

4. Plaintiff's decedent's illegal actions in attempting to rob a store while under the influence of a dangerous substance and resisting arrest caused his injuries and subsequent death.

WHEREFORE, Defendant City, having fully answered, prayerfully requests that this Court grant it Judgment against Plaintiff, its costs, and attorney fees.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor


By: /s/ Richard C. Smith
Richard C. Smith, OBA #8397
Jennifer M. Warren, OBA #30284
Assistant Municipal Counselors
Attorneys for Defendant City
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
(405) 297-2451 Fax:(405) 297-3851
rick.smith@okc.gov
jennifer.warren@okc.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of August, 2012, I electronically transmitted the foregoing Answer of Defendant City of Oklahoma City to the Clerk of the Court using the ECF filing system and transmittal of a Notice of Electronic Filing to the following ECF registrant: James E. Devinney and Christopher W. Landes, Devinney Law Firm, PC, 115 East Grand, Ponca City, OK 74601, Attorneys for Plaintiff; and Susan Knight, One Leadership Square, Suite 800, 211 North Robinson Avenue, Oklahoma City, OK 73102, Attorney for Defendants Herring, Cole, Miller, Castro, Wake, and Duncan.

                                                           /s/ Richard C. Smith
                                                           Assistant Municipal Counselor