IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AVIS HUNT, as Special Administrator for the ESTATE OF DAMON LAMONT FALLS, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>DANIEL HERRING, Individually, while acting under color of law, as an Oklahoma City Police Officer;<br>JACOB COLE, Individually, while acting under color of law, as an Oklahoma City Police Officer;<br>ZACHARY MILLER, Individually, while acting under color of law, as an Oklahoma City Police Officer;<br>RAMON CASTRO, Individually, while acting under color of law, as an Oklahoma City Police Officer;<br>AARON WAKE, Individually, while acting under color of law, as an Oklahoma City Police Officer;<br>TYLER DUNCAN, Individually, while acting under color of law, as an Oklahoma City Police Officer; and<br>THE CITY OF OKLAHOMA CITY, a municipal Corporation,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-12-755-L |

## **O R D E R**

This matter is before the court on the Motion of Defendant City of

Oklahoma City to Dismiss it From Plaintiff's Eighth and Fourteenth Amendment

Claims and Request for Punitive Damages **[Doc. No. 12]**.  Plaintiff Avis Hunt, as Special Administrator for the Estate of Damon Lamont Falls, deceased, has filed a response to the motion and the defendant City of Oklahoma City ("City") has filed a reply brief, all of which the court has carefully considered.

The court has also carefully reviewed the allegations of the Complaint, which arise from the death of plaintiff's decedent, Damon Lamont Falls.  Plaintiff alleges that the injuries and subsequent death of Mr. Falls after his July 5, 2010 arrest by the defendant police officers violated his constitutional rights.  The City has moved for its dismissal from plaintiff's Eighth and Fourteenth Amendment claims and request for punitive damages on the grounds that plaintiff's claims under the Eighth and Fourteenth Amendments to the Constitution are barred by Supreme Court precedent and that, as a municipality, the City is immune from punitive damages.

In response, plaintiff acknowledges that the City is immune from punitive damages.  Additionally, plaintiff concedes that the "separate and distinct" claims made by plaintiff against the City under the Eighth and Fourteenth Amendments should also be dismissed.  However, plaintiff asserts that liability on the part of the City "remains by way of vicarious liability of the City . . . for the actions of its employees under the doctrine of *respondeat superior*."  Doc. No. 13, p. 2.

As demonstrated conclusively by the City's reply brief, the theory of *respondeat superior* has been rejected as a basis for municipal liability.  Under 42

U.S.C. § 1983, a governmental entity may not be held liable simply because it employs a person who violated a plaintiff's federally protected rights.  <u>Jenkins v. Wood</u>, 81 F.3d 988, 993 (10th Cir. 1996).  Such a municipal defendant may not be held liable on a theory of *respondeat superior*.  <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 691 (1978).  Thus, plaintiff's claims against the City based on a theory of *respondeat superior* must be dismissed.

Accordingly, the Motion of Defendant City of Oklahoma City to Dismiss it From Plaintiff's Eighth and Fourteenth Amendment Claims and Request for Punitive Damages **[Doc. No. 12]** should be and is hereby **GRANTED.** Additionally, plaintiff's civil rights claims under § 1983 against the City based on a theory of *respondeat superior* are also dismissed.

It is so ordered this 10th day of September, 2012.

*Tim Leonard*
TIM LEONARD
United States District Judge