# COUNCIL ON LAW ENFORCEMENT EDUCATION AND TRAINING
# BASIC ACADEMY

| | | |
|---|---|---|
| Functional Area: | Lesson Title: | Duration: |
| Legal Matters | Probable Cause LM.07.0 | 2.0 Hours |
| | Revised: September 2007; July 2004 | |

**LEARNING GOAL(S):** The student will understand the concept of Probable Cause and its significance in criminal proceedings.

**ASSESSMENT AND STANDARDS:** Successful completion of this **FUNCTIONAL AREA** is achieved when the student has performed all practical tasks and exercises to the satisfaction of the instructional staff and, when tested against the PERFORMANCE OBJECTIVES by multiple choice exam(s), a score of 70% or higher is attained.

**PERFORMANCE OBJECTIVES:**
LM.07.01  The student will recognize that the 4th Amendment specifies the requirement for probable cause.
LM.07.02  The student will identify the rights, if any, of an Officer to investigate, detain, search, and/or arrest a person based on "mere suspicion"
LM.07.03  The student will identify the rights, if any, of an Officer to investigate, detain, search, and/or arrest a person based on "reasonable suspicion."
LM.07.04  The student will identify the rights, if any, of an Officer to investigate, detain, search, and/or arrest a person based on "probable cause."
LM.07.05  The student will identify the sources of fact that may be used to establish Probable Cause.
LM.07.06  The student will identify the elements of a Probable Cause Affidavit.

**TRAINING AIDS REQUIRED:**
1. Student Reference Guide

EXHIBIT

_____12_____

I. CONSTITUTIONAL BASIS

***P.O. [LM.07.01]  The student will recognize that the 4th Amendment specifies the requirement for probable cause.***

  A.  4th Amendment

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

  B.  Article 2, Section 30 Oklahoma Constitution

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

II. LEVELS OF EVIDENCE

***P.O. [LM.07.02]  The student will identify the rights, if any, of an Officer to investigate, detain, search, and/or arrest a person based on "mere suspicion"***

  A.  Mere Suspicion / Hunch

  Does not give officer the right to detain, search, or arrest, but only to <u>initiate an investigation</u>.

***P.O. [LM.07.03]  The student will identify the rights, if any, of an Officer to investigate, detain, search, and/or arrest a person based on "reasonable suspicion."***

  B.  Reasonable Suspicion

  1. Defined - Articulable facts which taken together, would lead a reasonable and prudent person to believe that an individual has been, is currently, or is about to be, involved in criminal activity.

  2. is based on <u>objective facts</u> which do not amount to probable cause.

  3. allows the Officer to make a <u>limited detention</u> to confirm or dispel the officer's suspicions; Pat down searches.

***P.O. [LM.07.04]  The student will identify the rights, if any, of an officer to investigate, detain, search, and/or arrest a person based on "probable cause."***

C. Probable Cause

1. Defined - Articulable facts which taken together, would lead a reasonable and prudent person to believe that:

    a. Arrest - crime is or has been committed, and the individual arrested committed it.

    b. Search - a crime is or has been committed, and evidence of said crime will be found at a particular location.

2. Distinguished from reasonable suspicion:

    a. More facts available to officer

    b. Does not apply to future crimes

3. Probable Cause deals with probability. 'These are not technical; they are factual and practical considerations of everyday life on which <u>reasonable</u> and <u>prudent</u> men, not legal technicians, act.'

4. Probable cause is a flexible, <u>common sense</u> standard. It merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband, stolen property, or useful as evidence of a crime. A practical non-technical probability is all that is required.

III. APPLICABILITY AND USE OF PROBABLE CAUSE

  A. Where police conduct is concerned:

    1. To arrest

    2. To search

    3. Defense in a civil action

    5. In some instances, probable cause may permit use of deadly force

  B. Where probable cause is scrutinized:

    1. Arrest

    2. Search

    3. Preliminary Hearing

    4. Motion to Suppress

    5. Grand Jury

IV. SOURCES OF PROBABLE CAUSE

*P.O. [LM.07.05] The student will identify the sources of fact that may be used to establish Probable Cause.*

    A. Personal Knowledge

    B. Other Sources

        1. Informants (confidential or anonymous)

        2. Official Channels or Reports

        3. Witnesses

        4. Victims

        5. Defendants / Co-Defendants

        6. Media

        7. Electronic means

        8. Other Law Enforcement officials

        9. Court files

    C. Why corroborate information?

        1. To make an arrest or a search warrant legal

        2. Counter potential defenses to the charge

        3. To obtain additional evidence of guilt

        4. To protect a confidential informant

V. ADDITIONAL POINTS OF DISCUSSION

    A. Warrantless felony arrests may be made upon <u>probable cause</u>, even though the offense did not occur in the officer's presence. (this rule also applies to some specific misdemeanors.)

    B. Burden of proof is on State to show existence of probable cause

    C. Stale probable cause

        1. Probable cause may become stale as a result of passage of time or some other event.

        2. Staleness will prevent the officer from taking action.

VI. WARRANTLESS ARREST –

    1. A PROBABLE CAUSE DETERMINATION must be conducted without unnecessary delay.

    2. U.S. Supreme Court says holding more than <u>48 hours</u> without a probable cause determination is presumptively unreasonable.

3. Being held without a probable cause determination may lead to a suspect being coerced into giving evidence which would otherwise be unavailable because it imperils the suspect's job, interrupts the source of income, and impairs the family relationship.

4. Evidence obtained after more than 48 hours of detention, especially a <u>confession</u>, is *probably* inadmissible.

5. 22 O.S. § <u>251</u> - When the defendant is brought before a magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and also of his right to waive an examination before any further proceedings are had.

***P.O. [LM.07.06] The student will identify the elements of a Probable Cause Affidavit.***

A. Affiant's identification

 1. Name

 2. Law Enforcement affiliation (sergeant, OKCPD)

 3. Experience / Length of service in Law Enforcement

 4. Functional title within Agency

B. Time and date of arrest

C. Crime person is charged with

D. Where person was arrested

E. Victims listed

F. Narrative of events which led to the arrest

G. Where person arrested is being incarcerated

H. Signature line for judge and finding.